JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-02141-DOC-ADS | Date: December 6, 2024 |

Title: Anaid Bautista vs. Nissan North America, Inc. et al.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| | |
|---|---|
| Rolls Royce Paschal for Karlen Dubon | Not Present |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [8]**

Before the Court is Plaintiff Anaid Bautista's Motion to Remand ("Mot.") (Dkt. 8). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. After considering the moving papers and the arguments made therein, the Court **GRANTS** Plaintiff's Motion.

**I.**    **Facts**

The following facts are taken from Plaintiff's Complaint ("Compl.") (Dkt. 1). Plaintiff alleges causes of action against Nissan North America, Inc., a Delaware corporation that manufactures, sells, and distributes Nissan vehicles, and Does 1 through 20 (collectively "Defendants"). Compl. ¶ 1. On July 2, 2024, Plaintiff bought a 2021

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02141-DOC-ADS                                     Date: December 6, 2024
                                                                                        Page 2

Nissan Kicks. *Id*. ¶ 5. Plaintiff claims written, express, and implied warranties were made by the Defendants, including, but not limited to:

(1) Vehicle would be free from all defects in material and workmanship

(2) Vehicle would pass in the trade under the Contract description

(3) Vehicle would be fit for the ordinary purpose for which it was intended

(4) Vehicle would conform to the promises and affirmations of fact made

(5) Defendants would perform repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure the Vehicle was free from defects

(6) Defendants would maintain the utility of the vehicle for three years or 36,000 miles under the basic warranty, and five years or 60,000 miles under the powertrain warranty, and would conform the vehicle to the express warranties

*Id*. ¶ 7.

Plaintiff claims he has performed all of his conditions under the Contract. *Id*. ¶ 8. Plaintiff states he has taken the vehicle to Defendants' service and repair facilities at least five separate times which resulted in the vehicle "being out of service by reason of repair of nonconformities." *Id*. ¶ 9. Plaintiff provides examples of defects that needed to be repaired, including: the brake pedal leaking oil; the power steering fluid leaking; the steering wheel producing an abormal noise; and the rear brakes creating a squeaking noise. *Id*. ¶ 10. Plaintiff claims he would notify Defendants of the defects when returning the vehicle to them for repair and that Defendants would represent they could conform the vehicle. *Id*. ¶ 11-12. Plaintiff alleges that Defendants failed to conform the vehicle to the applicable warranties. *Id*. ¶ 12. Plaintiff raises claims of breach of implied warranty of merchantability under California's Song-Beverly Act and breach of express warranty under the Song-Beverly Act. *See generally id*.

**II.     Procedural History**

On October 2, 2024, Defendant Nissan filed a Notice of Removal from the Orange County Superior Court to this Court ("Not.") (Dkt. 1). On November 8, 2024, Plaintiff filed the present Motion to Remand the case to state court (Dkt. 8). On November 25,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02141-DOC-ADS　　　　　　　　　　　　　　　　Date: December 6, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

2024, Defendant Nissan filed its Opposition to the Motion (Dkt. 10). On December 2, 2023, Plaintiff filed his Reply (Dkt. 11).

### III.　Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02141-DOC-ADS  Date: December 6, 2024
Page 4

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**IV.   Discussion**

Here, the Parties agree that the diversity of citizenship requirement is met. They dispute whether the amount in controversy is met. Plaintiff does not expressly allege an amount in controversy over $75,000. *See generally* Complaint. Accordingly, Defendants must show by a preponderance of the evidence that the jurisdictional minimum is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02141-DOC-ADS                                    Date: December 6, 2024
                                                                                            Page 5

satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Defendants have not met their burden to show that the amount in controversy requirement is satisfied. Defendants state that the amount in controversy exceeds $75,000, but this assertion is not supported by the underlying facts in the Notice of Removal or Opposition and Plaintiff has not alleged any numerical amount of damages in their Complaint. Defendants assert that the vehicle was purchased by Plaintiff for $38,533.52. Not. at 5-6. Defendants contend that the mileage offset is reflected as $3,104.91. *Id*. at 6. Subtracting the mileage offset from the purchase price leaves the economic damages at $35,428.61. *Id*.; Opp. at 4.

Additionally, to reach the jurisdictional threshold, the Defendants include civil penalties and attorney's fees in their estimations. Not. at 6-7. Defendants assert that Plaintiff seeks two times the base amount of civil penalties which if awarded would bring the amount in controversy to $106,285.83 including civi penalties and restitution. Opp. at 4-5. However, the Court will not include speculative civil penalties or attorney's fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added).

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02141-DOC-ADS                                Date: December 6, 2024
                                                                                              Page 6

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

Accordingly, the Court finds that Defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

## V.      Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County, California. The hearing set for December 16, 2024 is **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                       Initials of Deputy Clerk: kdu
CIVIL-GEN